Filed 2/3/21  P. v. Schuster CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ZACHARY APOLLO SCHUSTER, Defendant and Appellant. | B305314 (Los Angeles County Super. Ct. No. MA074472) |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Adrianne S. Denault and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In August 2018, defendant and appellant Zachary Apollo Schuster was charged with bringing contraband (marijuana) into a jail facility (Pen. Code, § 4573, subd. (a); count 1) and lewd conduct (§ 647, subd. (a); count 2). It was further alleged defendant had suffered a 2014 strike prior (making terrorist threats) within the meaning of the "Three Strikes" law.

Defendant agreed to plead no contest to count 1 in exchange for a dismissal of count 2 and a term of four years (two-year low term doubled due to the strike). Defendant signed a written advisement of rights form and admitted his strike prior. The court accepted defendant's waiver of rights on the record. Counsel stipulated to a factual basis for the plea. The court imposed a four-year state prison term in accordance with the plea agreement.

In January 2020, defendant filed a petition to dismiss or alternatively for resentencing pursuant to Health and Safety Code section 11361.8.

The hearing on defendant's petition was held February 26, 2020. Defendant waived his appearance and was represented by appointed counsel. The trial court denied the petition, finding defendant did not qualify for relief because Proposition 64 did not decriminalize the bringing of marijuana into penal institutions.

Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, was adopted by the voters on November 8, 2016, and went into effect the next day. (*People v. Perry* (2019) 32 Cal.App.5th 885, 888.) Among other things, Proposition 64 added Health and Safety Code section 11361.8, which provides, in pertinent part, that "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been

2

guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act *had that act been in effect at the time of the offense* may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal." (§ 11361.8, subd. (a), italics added.)

Health and Safety Code section 11361.8 went into effect on November 9, 2016, *almost two years before* defendant was charged with a violation of bringing marijuana into a jail facility. At no time during the proceedings in the trial court did defendant make any argument that Proposition 64 applied to the offense of bringing marijuana into a jail facility. He cannot raise the argument for the first time on appeal. Defendant cites no authority for concluding he falls within the scope of the statutory provision, the plain language of which applies to individuals who were convicted prior to enactment of section 11361.8.

## DISPOSITION

The trial court's order denying defendant's petition is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.

3